**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL PICKENS
ADC #91738                                                                                          PLAINTIFF

V.                                           2:08CV00080 JMM/JTR

T. CODY, Correctional Officer II,
East Arkansas Regional Unit, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.       An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

In this § 1983 action, Plaintiff alleges that, while he was incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, Defendants violated his constitutional rights. *See* docket entries #2 and #9. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) the action be dismissed, with prejudice, for failing to state a claim upon which relief maybe granted; and (2) all remaining Motions be denied, as moot.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II.  Discussion

**A.     Due Process Violations**

In his Complaint and Amended Complaint, Plaintiff alleges that, on July 5, 2006, he was found guilty of a disciplinary infraction. *See* docket entries #2 and #9. As punishment, Plaintiff was reduced in class and ordered to spend 30 days in punitive isolation. *Id.*  Plaintiff contends that Defendants violated his procedural due process rights when they delayed giving him a written copy of his disciplinary conviction, thereby depriving him of a "meaningful . . . opportunity" to appeal his conviction within the prison system.[2]  *See* docket entry #2 at 4.  Plaintiff also contends that Defendants violated his substantive due process rights when they held him in punitive isolation for a total of 45 days, instead of 30 days.  *See* docket entries #2 and #9.

It is well settled that a prisoner does not have a right to due process of law unless a liberty interest was adversely affected by the disciplinary conviction. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).  Plaintiff did *not* have a liberty interest in maintaining his classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion). Similarly, the Eighth Circuit has consistently held that placement in administrative and disciplinary segregation – and the temporary loss of certain privileges while confined there – are not the kind of "atypical and significant" deprivations that

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2]  In his Complaint, Plaintiff seems to imply that the appeal of his disciplinary conviction was denied because it was untimely filed. *See* docket entry #2. However, the documents Plaintiff attached to his Complaint demonstrate that his appeal was denied *on the merits* based on a finding that the evidence was sufficient to support his disciplinary conviction. *See* docket entry #2 at 12-13. Thus, Plaintiff did not suffer any actionable injury as a result of the alleged delay in receiving a written copy of his disciplinary conviction.

create a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).[3]  *See, e.g., Phillips v. Norris,* 320 F.3d 844, 847-48 (8th Cir. 2003) (holding that 37 days in isolation for a disciplinary charge that was later dismissed did not satisfy the *Sandin* standard); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (holding that 45 days in administrative segregation for a disciplinary charge that was later reversed did not satisfy the *Sandin* standard); *Hemphill v. Delo,* Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 4 days of lockdown, 30 days in disciplinary segregation, and 290 days in administrative segregation did not satisfy the *Sandin* standard); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard).

Thus, Plaintiff did not have any right to due process of law because he did not have a recognized liberty interest that was adversely affected by the July 2006 disciplinary conviction, and the resulting punishment.  Accordingly, his due process claims should be dismissed, with prejudice.

**B.   Cruel and Unusual Punishment**

In his Complaint and Amended Complaint, Plaintiff contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in punitive isolation near a violent inmate and an inmate with a contagious staff infection.  *See* docket entries #2 and #9.

As with any claim filed in federal court, a prisoner seeking relief under § 1983 must satisfy

---

[3] In *Sandin*, the Court held that a prisoner has a due process liberty interest at stake only if the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

basic constitutional standing requirements.[4] *Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v Arkansas Dep't of Corr.*, 103 F.3d 637, 643 (8th Cir. 1996). "To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." *Johnson,* 142 F.3d at 1088; *Brouhard v. Lee,* 125 F.3d 656, 661 (8th Cir. 1997).

Plaintiff does *not* allege that he contracted a staff infection or that he was beaten or suffered any injury inflicted by the allegedly violent inmate. Although he has been given an opportunity to do so, Plaintiff has *not* explained how he was otherwise "injured in fact" or actually harmed by being house near either of those inmates.[5] Accordingly, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim for cruel and unusual punishment.[6]

**C.     Access to the Courts**

Plaintiff contends that he was denied access to a law library and legal materials while he was held in punitive isolation. *See* docket entries #2 and #9. The First Amendment unquestionably encompasses an inmate's right to access the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969).

---

[4] Traditionally, courts have "insisted on strict compliance" with the standing requirement, which is, "at its core, a constitutionally mandated prerequisite for federal jurisdiction and an essential and unchanging part of the case-or-controversy requirement." *Raines v. Byrd,* 521 U.S. 811, 819 (1997); *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996).

[5] On May 14, 2008, the Court entered an Order directing Plaintiff to file an Amended Complaint specifying: "(1) how he was injured or otherwise harmed by being housed near an allegedly violent inmate; (2) how he was injured or otherwise harmed by being housed near an inmate who allegedly had a staff infection with open sores; and (3) how he was harmed by allegedly being denied adequate access to a law library and/or legal materials." *See* docket entry #3 at 3-4. Plaintiff's Amended Complaint does *not* contain this information. *See* docket entry #9.

[6] In his Amended Complaint, Plaintiff contends that Defendants violated internal prison rules when they housed him near those two inmates. However, the Eighth Circuit has held, on several occasions, that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *E.g., Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

However, in order to proceed with such a claim, a prisoner must demonstrate that he was actually harmed or injured by the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003). Specifically, in *Lewis*, the Court explained that "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

Although he has been given the opportunity to do so, Plaintiff has not explained how he was actually injured by Defendants' alleged failure to provide him with access to a law library and/or legal materials while he was in punitive isolation. *See* docket entries #3 and #9. Accordingly, the Court concludes that he has failed to state a viable access to the courts claim.

**D.     Personal Property**

Finally, in his Amended Complaint, Plaintiff alleges that Defendants deprived him of unspecified personal property while he was in punitive isolation. *See* docket entry #9. It is well settled that a prisoner cannot bring a § 1983 action for the intentional or negligent loss of his personal property so long as the State provides some sort of remedy, such as filing a claim before the Arkansas Claims Commission. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545(8th Cir. Dec. 6, 2001) (unpublished opinion). In his Motion for a Preliminary Injunction and/or Restraining Order, Plaintiff admits that he has filed such a claim to recover his personal property with the Arkansas Claims Commission. *See* docket entry #5. Accordingly, the Court concludes that Plaintiff has failed to state a viable § 1983 claim to recover his personal property.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

  2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

  3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

  4. Plaintiff's Motion for Preliminary Injunctive Relief and/or Restraining Order (docket entry #5) and Plaintiff's Motion to Compel Discovery (docket entry #7) be DENIED, AS MOOT.

  Dated this 29th day of May, 2008.

                _____
                UNITED STATES MAGISTRATE JUDGE